UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


ANTHONY BOYKINS,

        Petitioner,

vs.                              Case No. 3:04-cv-1013-J-32TEM

JAMES R. MCDONOUGH, et al.,

        Respondents.

_____

**ORDER**[1]

**I. Status**

Petitioner initiated this action by filing a Petition for Writ of Habeas Corpus (Doc. #1) (hereinafter Petition) pursuant to 28 U.S.C. § 2254 on January 7, 2004. He challenges his June 8, 2000, state court conviction for armed robbery with a firearm. In the Petition, Petitioner contends that his rights under the Fifth and Fourteenth Amendments were violated when the trial court denied his motion for a mistrial after the prosecutor commented during closing argument on Petitioner's right to remain silent.

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

On January 30, 2006, Respondents filed a Supplemental Response to Petition (Doc. #17).[2] The Court gave the Petitioner an opportunity to file a reply; however, he elected not to do so. See the Court's Order (Doc. #20), filed March 3, 2006; Petitioner's Letter (Doc. #22), filed March 20, 2006.

## II. Evidentiary Hearing

This Court has carefully reviewed the record and concludes Petitioner is not entitled to an evidentiary hearing. A habeas corpus petitioner is entitled to an evidentiary hearing in federal court if he alleges facts which, if proven, would entitle him to habeas corpus relief. Smith v. Singletary, 170 F.3d 1051, 1053-54 (11th Cir. 1999) (citation omitted); Cave v. Singletary, 971 F.2d 1513, 1516 (11th Cir. 1992) (citing Townsend v. Sain, 372 U.S. 293 (1963)). Here, the pertinent facts of the case are fully developed in the record before the Court. The Court can "adequately assess [Petitioner's] claim[s] without further factual development." Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004). Therefore, an evidentiary hearing will not be conducted by this Court.

---

[2] In their initial Response to Petition (Doc. #8), Respondents requested the Court to dismiss the Petition as untimely filed. The Respondents filed their Supplemental Response after the Court found that the Petition was timely filed. See the Court's Order (Doc. #16), filed December 19, 2005.

## III. Standard of Review

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, 110 Stat. 1214 (hereinafter AEDPA). Since this action was filed after the effective date of AEDPA, the Court will analyze Petitioner's claim under 28 U.S.C. § 2254(d), as amended by AEDPA. Nelson v. Alabama, 292 F.3d 1291, 1294-95 (11th Cir. 2002), cert. denied, 538 U.S. 926 (2003); Fugate v. Head, 261 F.3d 1206, 1215 n.10 (11th Cir. 2001), cert. denied, 535 U.S. 1104 (2002); Wilcox v. Florida Dep't of Corr., 158 F.3d 1209, 1210 (11th Cir. 1998), cert. denied, 531 U.S. 840 (2000).

The Eleventh Circuit has described the standard of review under AEDPA and has explained:

> The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) governs this [action] and limits our review of the decisions of the state courts:
>
>> A federal court may not grant a petition for a writ of habeas corpus to a state prisoner on any claim that has been adjudicated on the merits in state court unless the adjudication (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in state court.
>
> Clark v. Crosby, 335 F.3d 1303, 1307-08 (11th Cir. 2003) (citations omitted). A general

framework of substantial deference governs our review of every issue that the state courts have decided:

> [A] state-court decision can be "contrary to" this Court's clearly established precedent in two ways. First, a state-court decision is contrary to this Court's precedent if the state court arrives at a conclusion opposite to that reached by this Court on a question of law. Second, a state-court decision is also contrary to this Court's precedent if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to ours.
>
> . . . .
>
> [A] state-court decision can involve an "unreasonable application" of this Court's clearly established precedent in two ways. First, a state-court decision involves an unreasonable application of this Court's precedent if the state court identifies the correct governing legal rule from this Court's cases but unreasonably applies it to the facts of the particular state prisoner's case. Second, a state court decision also involves an unreasonable application of this Court's precedent if the state court either unreasonably extends a legal principle from our precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.

Williams v. Taylor, 529 U.S. 362, 405-07, 120 S.Ct. 1495, 1519-20, 146 L.Ed.2d 389 (2000).

Diaz v. Sec'y for the Dep't of Corr., 402 F.3d 1136, 1141 (11th Cir.), cert. denied, 126 S.Ct. 803 (2005).

The Eleventh Circuit addressed the application of the "contrary to" clause in reviewing a state court adjudication:

> In applying the "contrary to" prong of AEDPA, we have recognized that where no Supreme Court precedent is on point, "we cannot say that the state court's conclusion . . . is contrary to clearly established Federal law as determined by the U.S. Supreme Court." McIntyre v. Williams, 216 F.3d 1254, 1258 (11th Cir. 2000).

Washington v. Crosby, 324 F.3d 1263, 1265 (11th Cir.), cert. denied, 540 U.S. 965 (2003).

Under 28 U.S.C. § 2254(d)(2), this Court must determine whether the state court's adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Furthermore, AEDPA "also directs that a presumption of correctness be afforded factual findings of state courts, which may be rebutted only by clear and convincing evidence. See id. at § 2254(e)(1). This presumption of correctness applies equally to factual determinations made by state trial and appellate courts." Bui v. Haley, 321 F.3d 1304, 1312 (11th Cir. 2003) (footnote omitted) (citing Sumner v. Mata, 449 U.S. 539, 547 (1981)).

Finally, for a state court's resolution of a claim to be an adjudication on the merits, so that the state court's determination will be entitled to deference for purposes of federal habeas corpus

review under AEDPA, all that is required is a rejection of the claim on the merits, not an opinion that explains the state court's rationale for such a ruling. Wright v. Sec'y for the Dep't of Corr., 278 F.3d 1245, 1255 (11th Cir. 2002), cert. denied, 538 U.S. 906 (2003). See Peoples v. Campbell, 377 F.3d 1208, 1227 (11th Cir. 2004), cert. denied, 125 S.Ct. 2963 (2005). Thus, to the extent that Petitioner's claim was adjudicated on the merits in the state courts, it must be evaluated under the new § 2254(d).

### IV. Findings of Fact and Conclusions of Law

As his sole ground for relief, Petitioner contends that his rights under the Fifth and Fourteenth Amendments were violated when the trial court denied his motion for a mistrial after the prosecutor commented during closing argument on Petitioner's right to remain silent. Specifically, when the prosecutor was discussing what factors the jurors should consider when assessing the credibility of the various witnesses, she stated the following:

> Did the witness have an interest in the how [sic] the case should be decided? Well, Chris Odom doesn't have any interest in how the case was decided. He told you that he has a pending charge in Hillsborough County where he is from. It has nothing to do with this case. Doesn't think that he is getting anything by coming here and Dexter Brown has no relationship to Chris Odom. In fact, if you recall his testimony he referred to him as the white guy down the hall. He don't [sic] know Chris Odom.
>
> James Morris is the defendant's lifelong friend, not Dexter Brown's. Dexter Brown has an interest in this case in seeing that the

person who robbed him and scared the urine out
of him is held accountable for those actions.
But make no mistake that the person that has
the greatest interest is Anthony Hopkins.

Was it proved that the witness was
convicted of a crime? You have testimony
about that. As you can see when a witness
takes the stand, the other side, the opposing
party, has an opportunity to cross-examine
that witness about their prior convictions and
about pending charges.

Ex.[3] M at 475-76.

At this point, defense counsel objected, stating the following:

Your Honor, when the prosecutor starts
talking about the interest of various parties
on the outcome of the trial and then says that
the defendant has the greatest interest in the
outcome and then goes right into talking about
whether a witness takes the stand, I think
it's a comment about the defendant remaining
silent.

Id. at 476. The court responded, "It's close. I don't think that it crosses the line. Try to stay away from that area." Id. Defense counsel then moved for a mistrial, and the trial court denied the motion. Id.

Petitioner raised this claim on direct appeal, see Ex. N at 23-24, and the Fifth District Court of Appeal found that there was "no reversible error[.]" Boykins v. State, 783 So.2d 317, 318

---

[3] The Court hereinafter refers to the exhibits contained in the Appendix submitted with Respondents' initial Response to Petition (Doc. #8) and the Supplemental Appendix (Doc. #19) as "Ex."

(Fla. 5th DCA 2001); Ex. B at 1. Thus, there is a qualifying state court decision.

The Court must next consider the "contrary to" and "unreasonable application" components of the statute. "It is the objective reasonableness, not the correctness per se, of the state court decision that we are to decide." Brown v. Head, 272 F.3d 1308, 1313 (11th Cir. 2001), cert. denied, 537 U.S. 978 (2002).

Upon a thorough review of the record and the applicable law, it is clear that the state court's adjudication of this claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Thus, Petitioner is not entitled to relief on the basis of this claim.

Furthermore, this Court finds the claim to be without merit.

> Our test for determining whether the prosecutor's comments infringed the fifth-amendment right to silence is to ask "whether the statement was manifestly intended or was of such character that a jury would naturally and necessarily take it to be a comment on the failure of the accused to testify." Hall v. Wainwright, 733 F.2d 766, 772-73 (11th Cir.) (quoting United States v. Vera, 701 F.2d 1349, 1362 (11th Cir. 1983) and United States v. Dearden, 546 F.2d 622, 625 (5th Cir.), cert. denied, 434 U.S. 902, 98 S.Ct. 295, 54 L.Ed.2d 188 (1977)), reh. in banc den., 749 F.2d 733 (11th Cir. 1984), cert. denied, 471 U.S. 1107, 105 S.Ct. 2344, 85 L.Ed.2d 858 (1985). The reviewing court

> must "look to the context in which the statement was made in order to determine the manifest intention which prompted it and its natural and necessary impact upon the jury." Hall, 733 F.2d at 773 (quoting Samuels v. United States, 398 F.2d 964, 967 (5th Cir. 1968), cert. denied, 393 U.S. 1021, 89 S.Ct. 630, 21 L.Ed.2d 566 (1969)).

Bertolotti v. Dugger, 883 F.2d 1503, 1524 (11th Cir. 1989), cert. denied, 497 U.S. 1032 (1990).

Here, it is clear the statement was not intended to be a comment on the Petitioner's right to remain silent, nor was it of such character that the jury would naturally and necessarily take it to be a comment on the failure of the Petitioner to testify. Instead, the comment was part of the prosecutor's argument concerning the factors the jury should consider in weighing the testimony in the case.

Even assuming *arguendo* that the prosecutor's argument was improper, the error was harmless. The judge instructed the jury as follows:

> The constitution requires the State to prove its accusation against the defendant. It's not necessary for the defendant to disprove anything nor is the defendant required to prove his innocence. It is up to the State to prove the defendant guilty by evidence.
>
> The defendant has exercised a fundamental right by choosing not to be a witness in this case. You must not view this as an admission of guilt or be influenced in any way by his decision. No juror should ever be concerned that a defendant did or did not take the stand to give testimony in the case.

- 9 -

Ex. M at 513-14.  "A jury is presumed to follow its instructions." Weeks v. Angelone, 528 U.S. 225, 234 (2000).  Thus, this Court must presume that the jury did not consider the Petitioner's failure to testify in reaching its verdict.

Furthermore, the evidence of Petitioner's guilt was very strong.  Thus, it is clear that the prosecutor's argument did not have any effect on the verdict in Petitioner's case.

Accordingly, for the above-stated reasons, the Petition will be denied, and this case will be dismissed with prejudice.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.   The Petition (Doc. #1) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE**.

2.   The Clerk of the Court shall enter judgment denying the Petition and dismissing this case with prejudice.

3.   The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 21st day of July, 2006.

TIMOTHY J. CORRIGAN
United States District Judge

ps 7/11
c:
Anthony Boykins
Assistant Attorney General Timothy D. Wilson